**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Blue 425 LLC,<br><br>        Plaintiff,<br>  v.<br><br>Laserline Inc., Laserline GmbH, and WBC Photonics Inc.<br><br>        Defendants. | Case No.  25-cv-13168<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Blue 425 LLC ("Blue 425" or "Plaintiff") brings this action for patent infringement against Defendants Laserline Inc. ("Laserline"), Laserline GmbH, and WBC Photonics Inc. (collectively, referred to as "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, resulting from Defendants' unauthorized manufacture, importation, offers to sell, and sales of blue diode laser systems, including at least the Laserline LDMblue Series and the Laserline LDFblue Series (collectively, the "Accused Products"), in the United States. As alleged herein, the Accused Products infringe certain claims of U.S. Patent Nos. 10,940,562 (the "562 Patent"); 11,612,957 (the "957 Patent"); 11,654,489 (the "489 Patent"); 11,980,970 (the "970 Patent"); and 12,220,764 (the "764 Patent") (collectively, the "Asserted Patents"). Blue 425 owns all rights, title, and interest in the Asserted Patents.

1

## THE PARTIES

2. Plaintiff Blue 425 LLC is a limited liability company organized and existing under the laws of Delaware. Blue 425 holds a broad and robust patent portfolio, which includes the patents-in-suit, spanning 22 distinct patent families and more than 200 individual filings across at least 18 different jurisdictions worldwide, including the United States, Europe, and key international markets. This extensive global coverage underscores the company's commitment to protecting its innovations and ensuring market exclusivity in multiple geographies.

3. Blue 425's patent portfolio is centered on cutting-edge laser-based technologies, with numerous patents directed to high-power laser systems, welding methods, optical devices, and advanced manufacturing processes. Many of these inventions cover advancements that enable and enhance implementations of laser driven applications, with emphasis on systems, devices, and methods that enhance efficiency, precision, and scalability in industrial contexts.

4. On information and belief, Defendant Laserline Inc. is a corporation organized and existing under the laws of California, with places of business including 46025 Port Street, Plymouth, Michigan 48170; 37659 Schoolcraft Road, Livonia, MI 48150; and 1800 Wyatt Drive, Suite 9, Santa Clara, California 95054. Defendant Laserline Inc. is a wholly owned subsidiary of Defendant Laserline GmbH.

5. On information and belief, Defendant Laserline Inc. manufactures high-power industrial diode lasers for a variety of industrial applications including traditional metals processing (additive manufacturing, welding, brazing, cladding, heat treating, hardening, remote-welding, cutting, and 3D printing) as well as solutions as a heat/light source (pumping, CFRP tape laying, adhesive curing, annealing, illumination or plastics welding). Laserline sells globally fiber-delivered diode laser systems to OEMs, system integrators, and end users. As the US subsidiary of Laserline

GmbH, Laserline Inc. manages sales, applications, service, and support for customers across North America.

6. On information and belief, Defendant Laserline Inc.'s products are sold to its consumers through distributors and sales representatives located throughout the United States, including in Michigan, and online.

7. On information and belief, Defendant Laserline GmbH is a corporation organized under the laws of Germany and has a primary place of business at Fraunhofer Straße 5, 56218 Mülheim-Kärlich, Germany.

8. On information and belief, Defendant Laserline GmbH is the parent company of Defendant Laserline Inc.

9. Laserline GmbH has been advancing the technology and performance of high-power diode lasers since 1997. The Product offerings consist of high-power diode lasers, including the Accused Products. Laserline GmbH's products are found in all major industrial areas around the world, including the United States.

10. On information and belief, Defendant Laserline GmbH's products are sold to its consumers through distributors and sales representatives located throughout the United States, including in Michigan, and online.

11. On information and belief, Defendant WBC Photonics Inc. is a corporation organized and existing under the laws of New Hampshire, with a place of business including 22 Manchester Rd, Derry, NH, 03038, USA. Defendant WBC Photonica. is a wholly owned subsidiary of Defendant Laserline GmbH.

12. On information and belief, Defendant WBC Photonics Inc. manufactures high-power industrial diode lasers for a variety of industrial applications including traditional metals processing

(additive manufacturing, welding, brazing, cladding, heat treating, hardening, remote-welding, cutting, and 3D printing) as well as solutions as a heat/light source (pumping, CFRP tape laying, adhesive curing, annealing, illumination or plastics welding). As the US subsidiary of Laserline GmbH, WBC Photonics Inc manages sales, applications, service, and support for customers across North America.

13. On information and belief, Defendant WBC Photonics Inc.'s products are sold to its consumers through distributors and sales representatives located throughout the United States, including in Michigan, and online.

## JURISDICTION AND VENUE

14. This is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. This Court may properly exercise personal jurisdiction over Defendants because, on information and belief, the Defendants have a place of business, including sales and operations, in Plymouth, Michigan and Livonia, Michigan. On information and belief, Laserline Inc., a wholly-owned subsidiary of Laserline GmbH, manufactures, offers for sale, sells, imports, and/or distributes the Accused Products in Michigan.

16. Under 28 U.S.C. §§ 1391 and 1400, venue is proper in this judicial district at least because Laserline Inc., a wholly owned subsidiary of Laserline GmbH, has a place of business in this district, and, therefore, "resides" in this district, and Laserline Inc. manufactures, offers for sale, sells, imports, and/or distributes the Accused Products in Michigan.

## THE PATENTS-IN-SUIT

17. U.S. Patent No. 10,940,562 (the "562 Patent"), entitled "Methods and Systems for Welding Copper Using Blue Laser," was duly and legally issued by the USPTO on March 9, 2021. A copy of the 562 Patent is attached as **Exhibit 1**.

18. U.S. Patent No. 11,612,957 (the "957 Patent"), entitled "Laser-Based Welding Apparatus and Methods," was duly and legally issued by the USPTO on April 4, 2023. A copy of the 957 Patent is attached as **Exhibit 2**.

19. U.S. Patent No. 11,654,489 (the "489 Patent"), entitled "Devices, Systems and Methods for Three-Dimensional Printing," was duly and legally issued by the USPTO on May 23, 2023. A copy of the 489 Patent is attached as **Exhibit 3**.

20. U.S. Patent No. 11,980,970 (the "970 Patent"), entitled "Laser Processing Methods for High-Reflectivity Materials," was duly and legally issued by the USPTO on May 21, 2024. A copy of the 970 Patent is attached as **Exhibit 4**.

21. U.S. Patent No. 12,220,764 (the "764 Patent"), entitled "Visible Laser Welding of Electronic Packages, Automotive Electrics, Battery and Other Components," was duly and legally issued by the USPTO on February 11, 2025. A copy of the 764 Patent is attached as **Exhibit 5**.

22. Blue 425 is the lawful owner by assignee of all right, title, and interest in and to the Asserted Patents.

## COUNT I

### Infringement of U.S. Patent No. 10,940,562

23. The preceding paragraphs are incorporated by reference as if fully restated herein.

24. Defendants manufacture, offer to sell, sell, import, and distribute blue diode laser systems, including at least the Accused Products through manufacturers, distributors, and/or sales representatives located throughout the United States, including in Michigan, and online.

25. Attached hereto as **Exhibit 6** is a true and correct screenshot of a portion of Defendants' website which allows customers to find its locations in North America, and a true and correct screenshot of a portion of Defendants' website that lists sales representatives based on the customers' location.

26. Attached hereto as **Exhibits 7 and 8** are true and correct images of the Accused Products.

27. By manufacturing, offering to sell, selling, and importing at least the LDMblue and LDFblue Series laser systems, Defendants have infringed and are continuing to infringe at least claim 70 of the 562 Patent.

28. Claim 70 of the 562 Patent recites:

> 70. A method of forming a keyhole weld in copper based materials, the method comprising:
> a. placing a work piece in a laser system; wherein the work piece comprises placing a first piece of copper based material in contact with a second piece of copper material; and,
> b. directing a blue laser beam at the work piece, whereby a keyhole mode weld is formed between the first piece of copper based material and the second piece of copper based material; wherein the weld comprises a HAZ and a resolidification zone.

29. The LDMblue and LDFblue Series laser systems each embody every element of at least claim 70 of the 562 Patent, literally or under the doctrine of equivalents.

30. For example, Laserline's LDMblue and LDFblue Series laser systems involve the processing of copper, gold and its alloys in various ways. Operating at approximately 450 nm, these lasers offer a wavelength that allows for the laser processing of highly reflective metals. Higher absorption allows significantly lower intensities and larger laser spots. Thus, these diode lasers achieve a stable process that leads to a reproducible result with little to no spattering.

31. The LDMblue and LDFblue Series laser systems each perform a method of forming a keyhole weld in copper-based materials as they enable controlled laser welding of copper and other

non-ferrous metals with low material thickness. *See* https://www.laserline.com/en-int/laser-welding-copper.

32. The LDMblue and LDFblue Series laser systems each involve placing a work piece, two pieces of copper-based material, in a laser system as they are able to weld copper busbars and electrical contacts in various thicknesses. *See* https://www.laserline.com/en-int/laser-welding-copper.

33. The LDMblue and LDFblue Series laser systems each direct a blue laser beam operating at around 450 nm, at the work piece to form a keyhole mode weld between the two pieces of copper based material, and a heat-affected zone (HAZ) and a re-solidification zone are formed. *See* https://www.laserline.com/en-int/laser-welding-copper; https://www.laser-concierge.com/productsearch/laser/cw/LaserLine/img/LDMblue/Laserline_blue.pdf

34. Defendants also knowingly and intentionally induce infringement of claims of the 562 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the 562 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served on Defendants. Despite this knowledge of the 562 Patent, Defendants continue to actively encourage and instruct its customers and end users to use the Accused Products in ways that directly infringe the 562 Patent. Defendants do so, knowing and intending that its customers and end users will commit these infringing acts. Defendants also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the 562 Patent, thereby specifically intending for and inducing its customers to infringe the 562 Patent through the customers' normal and customary use of the Accused Products.

**COUNT II**
**Infringement of U.S. Patent No. 11,612,957**

7

35. The preceding paragraphs are incorporated by reference as if fully restated herein.

36. By manufacturing, offering to sell, selling, importing and distributing at least the LDMblue and LDFblue Series laser systems, Defendants have infringed and are continuing to infringe at least claim 1 of the 957 Patent.

37. Claim 1 of the 957 Patent recites:

> 1. A method of laser welding a plurality of copper foils together, the method comprising:
> a. positioning a plurality of pieces of copper foil in a welding stand; wherein the foil contains at least about 50% copper;
> b. exerting a clamping force on the plurality of pieces of copper foil to clamp the pieces of foil together in the welding stand;
> c. directing a blue laser beam along a laser beam path at the plurality of pieces of copper foil, wherein the laser beam has the following properties:
>> i. at least 500 Watts of power;
>> ii. a beam parameter product of about 44 mm mrad and less;
>> iii. a spot size of about 400 μm and less;
>> iv. an average intensity of at least of about 400 kW/cm2;
>> v. a peak intensity of at least about 800 kW/cm2;
> d. the blue laser beam lap welding the plurality of pieces of copper foil together at a welding speed; and,
> e. providing a non-oxidizing beam clearing gas in a space along the laser beam path where the laser beam travels in free space from an optical element to the plurality of pieces of copper foil; wherein clearing gas removes plume material from the laser beam path and prevents oxidation of the plurality of pieces of copper foil;
> f. wherein the welding speed, clamping force, and a flow rate of the non-oxidizing clearing gas, are predetermined to thereby provide a lap weld having no visible splatter and no visible porosity.

38. The LDMblue and LDFblue Series laser systems each embody every element of at least claim 1 of the 957 Patent, literally or under the doctrine of equivalents.

39. For example, the LDMblue and LDFblue Series laser systems teach a method of laser welding a plurality of copper foils together. See https://www.laserline.com/en-int/blue-diode-laser; https://www.linkedin.com/posts/laserline-gmbh_laserwelding-bluelaser-copper-activity-7185592725570756608-P3j_/; https://www.mdpi.com/2504-4494/8/2/47.

40.    The LDMblue and LDFblue Series laser systems each exert a clamping force on the plurality of pieces of copper foil to clamp the pieces of foil together in the welding stand.

41.    The LDMblue and LDFblue Series laser systems each direct a blue laser beam along a laser beam path at the plurality of pieces of copper foil. *See* https://www.laserline.com/en-int/blue-diode-laser/.

42.    The LDMblue and LDFblue Series laser systems further comprise a laser beam with the following properties: (i) at least 500 Watts of power; (ii) a beam parameter product of about 44 mm mrad and less; (iii) a spot size of about 400 μm and less; (iv) an average intensity of at least of about 400 kW/cm2; and (v) a peak intensity of at least about 800 kW/cm2. *See* https://www.laserline.com/en-int/blue-diode-laser/; https://www.mdpi.com/2504-4494/8/2/47.

43.    The LDMblue and LDFblue Series laser systems further comprise a blue laser beam lap able to weld the plurality of pieces of copper foil together at a welding speed. *See* https://www.mdpi.com/2504-4494/8/2/47.

44.    Defendants also knowingly and intentionally induce infringement of claims of the 957 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the 957 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served on Defendants. Despite this knowledge of the 957 Patent, Defendants continues to actively encourage and instruct its customers and end users to use the Accused Products in ways that directly infringe the 957 Patent. Defendants do so, knowing and intending that its customers and end users will commit these infringing acts. Defendants also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the 957 Patent, thereby specifically intending for and inducing its customers to infringe the 957 Patent through the customers' normal and customary use of the Accused Products.

## COUNT III

### Infringement of U.S. Patent No. 11,654,489

45. The preceding paragraphs are incorporated by reference as if fully restated herein.

46. By manufacturing, offering to sell, selling, importing and distributing at least the LDMblue and LDFblue Series laser systems, Defendants have infringed and are continuing to infringe at least claim 1 of the 489 Patent.

47. Claim 1 of the 489 Patent recites:

> 1. A system for forming a part, the system comprising:
> a laser light source that generates a coherent beam of visible light having a wavelength greater than 400 nm and less than 750 nm and a power of at least about 100 W;
> an area for holding a metallic solid substrate, whereby the metallic solid substrate is in optical communication with the coherent beam;
> a scanning module downstream of said laser light source, wherein said scanning module is adapted to generate a scanning motion of the coherent beam with respect to the area, which scanning motion corresponds to a predetermined pattern for the part; and,
> a computer control system optically coupled to the laser light source and the scanning module, wherein the computer control system is configured to: (i) control the scanning motion; and (ii) control the power of the coherent beam at the area;
> wherein the system is configured for the coherent beam at the area to melt, soften or both the metallic solid substrate to thereby form the part from the metallic solid substrate.

48. The LDMblue and LDFblue Series laser systems each embody every element of claim 1 of the 489 Patent, literally or under the doctrine of equivalents.

49. For example, the LDMblue and LDFblue Series laser systems each have laser light sources that generate a coherent beam of visible light with a wavelength of around 450 nm, within the claimed range of 400 nm to 750 nm. See https://www.laserline.com/en-int/copper-cladding/; https://www.laserline.com/en-int/blue-diode-laser/.

50. The LDMblue and LDFblue Series laser systems each have an area for holding a metallic solid substrate in optical communication with the coherent beam. *See* https://youtu.be/PR8RC3U84hM?list=PLDQqfi61qDSVQ3B-dlciLqKPT5fXZgw_x&t=7.

51. The LDMblue and LDFblue Series laser systems each have a scanning module downstream of the laser light source which generates a scanning motion of the coherent beam with respect to the area corresponding to a predetermined pattern for the part. *See* https://vimeo.com/laserlinevideo.

52. The LDMblue and LDFblue Series laser systems each have a computer control system and control software (*i.e.*, electronic optics monitoring system) operatively coupled to the laser light source and scanning module, configured to control the scanning motion and the power of the coherent beam at the area, to melt, soften or both the metallic solid substrate to form the part. See https://www.laserline.com/downloads/flippingbook/en/Laserline---Cladding/laserline%20-cladding-and-additive-manufacturing-english.html, p.19.

53. Defendants also knowingly and intentionally induce infringement of claims of the 489 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the 489 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served on Defendants. Despite this knowledge of the 489 Patent, Defendants continues to actively encourage and instruct its customers and end users to use the Accused Products in ways that directly infringe the 489 Patent. Defendants do so, knowing and intending that its customers and end users will commit these infringing acts. Defendants also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the 489 Patent, thereby specifically intending for and inducing its customers to infringe the 489 Patent through the customers' normal and customary use of the Accused Products.

## COUNT IV
### Infringement of U.S. Patent No. 11,980,970

54. The preceding paragraphs are incorporated by reference as if fully restated herein.

55. By manufacturing, offering to sell, selling, importing and distributing at least the LDMblue and LDFblue Series laser systems, Defendants have infringed and are continuing to infringe at least claim 1 of the 970 Patent.

56. Claim 1 of the 970 Patent recites:

> 1. A blue laser system, the system comprising:
> a blue laser source capable of propagating a blue laser beam;
> an X-Y scanning system in optical communication with the blue laser source, whereby the system is configured for directing and scanning the blue laser beam to an addressable field; and
> an enclosure housing the addressable field; and,
> an electronically adjustable lens system; the lens system comprising a first optic, a second optic, and a third optic,
> wherein the second optic is located along a laser beam path between the first optic and the third optic,
> wherein the second optic is movable between a plurality of positions along the laser beam path,
> whereby the lens system is configured for on the fly focusing to simulate the performance of an F-Theta lens.

57. The LDMblue and LDFblue Series laser systems each embody every element of claim 1 of the 970 Patent, literally or under the doctrine of equivalents.

58. For example, the LDMblue and LDFblue Series laser systems each comprise a blue laser system with a blue laser source capable of propagating a blue laser. *See* https://www.laserline.com/en-int/blue-diode-laser/.

59. The LDMblue and LDFblue Series laser systems each have an X-Y scanning system in optical communication with the blue laser source. *See* https://vimeo.com/laserlinevideo.

60. The LDMblue and LDFblue Series laser systems have an enclosure housing the addressable field. *See* https://www.laserline.com/en-int/blue-diode-laser/.

61. The LDMblue and LDFblue Series laser systems each have an electronically adjustable lens system; the lens system comprising a first optic, a second optic, and a third optic. See

https://www.laserline.com/en-int/otz-series/;

https://www.laserline.com/downloads/PDF/EN/Laserline_OTZ_zoom_optics.pdf.

62. Defendants also knowingly and intentionally induce infringement of claims of the 970 Patent in violation of 35 U.S.C. § 271(b). Defendants haves had knowledge of the 970 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served on Defendants. Despite this knowledge of the 970 Patent, Defendants continue to actively encourage and instruct its customers and end users to use the Accused Products in ways that directly infringe the 970 Patent. Defendants do so, knowing and intending that its customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the 970 Patent, thereby specifically intending for and inducing its customers to infringe the 970 Patent through the customers' normal and customary use of the Accused Products.

## COUNT V

### Infringement of U.S. Patent No. 12,220,764

63. The preceding paragraphs are incorporated by reference as if fully restated herein.

64. By manufacturing, offering to sell, selling, importing and distributing at least the LDMblue and LDFblue Series laser systems, Defendants have infringed and are continuing to infringe at least claim 17 of the 764 Patent.

65. Claim 17 of the 764 Patent recites:

17. A method of joining two metal components, using a blue laser beam, wherein the laser intensity at a weld site does not need to be appreciably changed, the method comprising:
providing a source of a blue laser beam having a predetermined wavelength to a weld site, the weld site including a first component to be joined and a second component to be joined;
providing a scanner and a focusing optics in optical association with the source of the blue laser beam;

the source of the blue laser beam, the scanner and the focusing optics delivering the blue laser beam in a pattern and at a predetermined laser intensity to the weld site including the first and second components; thereby welding the first and second components together, thereby forming a weld between the first and second components; wherein the predetermined laser intensity defines a laser beam energy;

wherein the blue laser beam consists essentially of the predetermined laser intensity from a start of the welding through a completion of the welding; and,

wherein at least 45% of the blue laser beam energy is utilized to form the weld.

66. The LDMblue and LDFblue Series laser systems each embody every element of claim 17 of the '764 Patent, literally or under the doctrine of equivalents.

67. For example, the LDMblue and LDFblue Series laser systems each perform a method of joining two metal components using a blue laser beam wherein the laser intensity at the weld site does not need to be appreciably changed. *See* https://www.laserline.com/en-int/laser-welding-copper/; https://www.laserline.com/downloads/PDF/EN/Laserline_OTZ_zoom_optics.pdf.

68. The LDMblue and LDFblue Series laser systems each provide a source of a blue laser beam having a predetermined wavelength to a weld site. See https://www.laserline.com/en-int/laser-welding-copper/; https://youtu.be/qT7mWlZ0z9k?t=11.

69. The LDMblue and LDFblue Series laser systems each provide a scanner and a focusing optics in optical association with the source of the blue laser beam. See https://www.laserline.com/en-int/laser-welding-copper/; https://vimeo.com/laserlinevideo.

70. The LDMblue and LDFblue Series laser systems each deliver the blue laser beam in a pattern and at a predetermined laser intensity to the weld site including the first and the second components; thereby welding the first and second components together, thereby forming a weld between the first and second components. See https://www.laserline.com/en-int/blue-diode-laser/; https://www.laserline.com/downloads/PDF/EN/Laserline_OTZ_zoom_optics.pdf.

71. The LDMblue and LDFblue Series laser systems each have a blue laser beam

consisting essentially of the predetermined laser intensity from a start of the welding through a completion of the welding. *See* https://www.laserline.com/downloads/PDF/EN/Laserline_OTZ_zoom_optics.pdf.

72. Defendants also knowingly and intentionally induce infringement of claims of the 764 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the 764 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed and served on Defendants. Despite this knowledge of the 764 Patent, Defendants continue to actively encourage and instruct its customers and end users to use the Accused Products in ways that directly infringe the 764 Patent. Defendants do so, knowing and intending that its customers and end users will commit these infringing acts. Defendants also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the 764 Patent, thereby specifically intending for and inducing its customers to infringe the 764 Patent through the customers' normal and customary use of the Accused Products.

**PRAYER FOR RELIEF**

WHEREFORE, Blue 425 LLC prays for judgment against Defendants granting Blue 425 relief as follows:

A. That this Court adjudge and decree that Defendants have infringed and continue to infringe the 562 Patent;

B. That this Court adjudge and decree that Defendants have infringed and continue to infringe the 957 Patent;

C. That this Court adjudge and decree that Defendants have infringed and continue to infringe the 489 Patent;

D. That this Court adjudge and decree that Defendants have infringed and continue to infringe the 970 Patent;

E. That this Court adjudge and decree that Defendants have infringed and continue to infringe the 764 Patent;

F. That this Court grant injunctive relief enjoining the aforesaid acts of infringement by Defendants, Defendants' officers, agents, servants, employees, subsidiaries, and attorneys, and those acting in concert with Defendants, including related individuals and entities, customers, representatives, original equipment manufacturers, dealers, and distributors;

G. That this Court enter an award to Blue 425 of such damages as it shall prove at trial against Defendants that are adequate to compensate Blue 425 for said infringement, said damages to be no less than a reasonable royalty together with prejudgment interest and costs;

H. That this Court order an award to Blue 425 of enhanced damages provided by 35 U.S.C. §284;

I. That this Court render a finding that this case is "exceptional" and award to Blue 425 its costs and reasonable attorneys' fees, as provided by 35 U.S.C. §285;

J. That this Court award Blue 425 prejudgment interest against Defendants on all sums allowed by law; and

K. That this Court grant Blue 425 such other, further, and different relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Blue 425 demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  October 7, 2025                        Respectfully submitted,

                                         By: */s/David L. Hecht*

David L. Hecht
Delphine Knight Brown (*admission forthcoming*)
Peter Park (*admission forthcoming*)
Tremayne M. Norris (*admission forthcoming*)
Tanner Murphy (*admission forthcoming*)

**HECHT PARTNERS LLP**
125 Park Avenue
New York, NY 10017
(212) 851-6821
dhecht@hechtpartners.com
dkbrown@hechtpartners.com
ppark@hechtpartners.com
tnorris@hechtpartners.com
tmurphy@hechtpartners.com

*Attorneys for Plaintiff Blue 425 LLC*